## MAGRUDER *v.* SCHLEY.

EQUITY; FRAUD; PROMISSORY NOTES; RESTRAINING ORDERS.

Where a bill in equity by the maker of a promissory note to enjoin the issue of execution upon a judgment against him, obtained by the defendants as holders of the note by indorsement from the payee, states that the note was fraudulently procured from him by the payee and that he believes and expects to prove that the defendants had knowledge or notice of the fraud, but no facts are stated either upon personal knowledge or upon information reasonably sufficient upon which to base his belief, a temporary restraining order granted upon the filing of the bill is properly dissolved, especially where the defendants in their answers expressly deny any fraud on their part or any knowledge or notice of fraud by them.

No. 1066. Submitted April 10, 1901. Decided May 22, 1901.

HEARING on an appeal (specially allowed) by the complainant from an order of the Supreme Court of the District of Columbia dissolving a temporary restraining order granted at the instance of ·the complainant in a suit in equity to enjoin execution on a judgment against him. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey* for the appellant.

*Mr. T. Percy Meyers* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause comes to this Court on a special appeal allowed from an order of the Supreme Court of the District of Columbia dissolving a restraining order or temporary injunction previously allowed by that court: and it is the second branch of a litigation which was before us on a former appeal (17 App. D. C. 227).

The litigation was begun by a suit at common law upon a promissory note for $1,050.50, given on March 29, 1897, by the appellant John H. Magruder to one T. C. Crawford, payable thirty days after date, and which was a renewal of a previous note. The note had been indorsed by Crawford to the firm of Moore & Schley, of which the appellees, other than T. Percy Myers, are the surviving partners, Moore being deceased. On April 14, 1900, the firm of Moore & Schley instituted suit on the note, and filed therewith an affidavit intended for the purpose of procuring summary judgment under the 73d rule of the court below providing for such summary judgments. The appellant, as defendant in that suit, filed an affidavit of defense, which was deemed insufficient; and the court rendered judgment under the rule. Thereupon the appellant moved to vacate the judgment, and for leave to file an amended affidavit of defense, which was exhibited with the motion; but this motion the court refused. Upon appeal to this court the judgment was affirmed.

In the opinion then pronounced by this court it was stated that we could not consider the second or amended affidavit, as it was not properly in the record before us; but that it indicated sufficient to justify further inquiry into the matter either through proceedings in equity or otherwise. Acting upon this suggestion, as it would seem, the appellant instituted the proceeding in equity which is now before us for review.

Divested of some useless and unnecessary allegations, the bill of complaint is to the effect substantially that the note in question was procured from the complainant by fraud, and that the partners of the firm of Moore & Schley are chargeable with notice or knowledge of the fraud. The al-

19

legations are, that the note was procured from the complainant by the payee Crawford in payment of forty shares of the stock of a Voelker Light Company, a corporation of the State of New Jersey, for which shares of stock a certificate or order was delivered by Crawford to the complainant, with the assurance that, if the complainant could not pay the note when it became due, or if he did not then wish to take the stock, Crawford would then take back the stock and return the note; that this note was for $1,000 payable in ten months; that shortly before this note became due the complainant informed Crawford that he would not be able to pay it, and that he would surrender the stock; that Crawford then for the first time informed the complainant that the note had been cashed or discounted by the appellee Chapman, of the firm of Moore & Schley, but that he (Crawford) had arranged with Chapman to have a renewal note, payable in thirty days, with the stock attached as collateral security, taken therefor and deposited with the firm of Moore & Schley; that thereupon the note in controversy was executed by the complainant and delivered, with the certificate of stock annexed, to the agents of Moore & Schley in Washington; that before this last-mentioned note became due, the complainant notified Crawford that he could not pay it and that he surrendered the stock; that he heard no more of the matter until a short time before the suit at law was instituted, when demand for its payment was made on him by the attorney for Moore & Schley; and that thereupon the proceedings at law were had which have been mentioned.

The bill of complaint then proceeds to aver that the complainant believes, and expects to be able to prove, that the whole transaction was a fraud by Crawford upon the complainant; that Crawford was not the owner of the stock, but either Chapman or the Voelker Light Company; that, if any money was advanced upon the note by Moore & Schley, it was for the benefit of Chapman or the Light Company; that Crawford was vice-president and Chapman was treasurer of that company; and that Chapman was chargeable with notice, either actual or constructive, of the arrangement between Crawford and the complainant.

The prayer of the bill is for a temporary restraining order, for a trial by jury, and for general relief.

It may be remarked that the appellee Myers, the attorney of the firm of Moore & Schley, was made a party to the bill only because the complainant could not procure service of process upon the members of the firm of Moore & Schley, who are all nonresidents of the District of Columbia.

Upon the filing of this bill the complainant procured a temporary restraining order against the execution of the judgment at law, to be effective until the further order of the court. This order the appellees, upon being notified of it, promptly moved to dissolve; but their motion was denied. Thereupon they answered the bill; and in their answer they denied any knowledge whatever on the part either of Chapman or of the firm of Moore & Schley of any arrangement between the complainant and Crawford. They denied also that the stock sold by Crawford to the appellant was the stock either of Chapman or of Moore & Schley; and they averred that they had no knowledge of its belonging to the Light Company. And further they denied that there was any agency of Crawford to act for them or any of them, or any association whatever between him and them for the promotion of the sale of the stock of the Voelker Light Company. They then renewed their motion to discharge the restraining order, and their motion was now allowed, and an order was entered to that effect.

From this order dissolving the preliminary restraining order or temporary injunction granted in the cause the complainant has been allowed a special appeal to this court.

We are entirely satisfied that the decision of the court below in the premises was right, and that it should be affirmed. If it can be assumed that there is any equity shown in the bill of complaint against the appellees, that equity is completely sworn away by the answers, and no ground is left for the continuance of the restraining order. But we are satisfied that there is no equity in the bill of complaint as against the appellees. It may be that a fraud was perpetrated upon the complainant by Crawford, of which, of

course, it is not proper for us here to express any opinion, since Crawford is not a party to this suit; but if such a fraud was perpetrated, the bill of complaint wholly fails to connect the appellees, or any of them, with it. There is no allegation anywhere in the bill that the firm of Moore & Schley, or any member of that firm, had any knowledge whatever of that fraud, if fraud there was, or any connection with it: nor is there any statement of fact, made either upon personal knowledge or upon information and belief, that would justify an inference of any such knowledge or connection. The statement is that the complainant believes and expects to prove some things. Now his belief and expectation may be in good faith; but it has been repeatedly held that suspicion is not proof; and it is equally true that belief and expectation to prove cannot be accepted as a substitute for fact. The complainant carefully refrains from stating that he has any information upon which to found his belief or to justify his expectation; and evidently he has no such information. But belief, without an allegation of fact either upon personal knowledge or upon information reasonably sufficient upon which to base the belief, cannot justify the extraordinary remedy of injunction. It is very clear that the bill of complaint is simply inspired by a vague hope that, in a further investigation, by cross-examination or otherwise, something might be elicited to justify the complainant's suspicion. Plainly this will not suffice for a proceeding in equity, least of all in a proceeding where an injunction is sought. With a bill of complaint so fatally defective in allegation of fact, and answers to it completely denying all equity that might be supposed to inhere in it, it was eminently proper to dissolve the injunction or restraining order that had been granted in the first instance, and the order of dissolution will, therefore, be affirmed.

Our conclusion is that the order appealed from should be, and it is hereby affirmed, with costs; and that the cause be remanded to the Supreme Court of the District of Columbia for such further proceedings, if any, as may be proper and according to law. And it is so ordered.

*Affirmed.*